## In re Removal of Minority District
## Election Inspector

*Francis P. Valverde,* for petitioner.

*Hon. Edward M. Murphy,* for respondent.

HOBAN, P. J., May 17, 1954.—This is a petition of Anthony De Napole, candidate for district com-

mitteeman on the Republican Party ballot, seeking to
have Charles Aliano removed as minority inspector
in the district, because Aliano is in effect a nonresi-
dent of the district, therefore is not a qualified elector
and hence ineligible to serve as a member of the
election board. A hearing was held on the rule, at
which the principal witness was respondent himself.
From his testimony it appears that he is the duly
elected minority inspector of election in the first dis-
trict of the second ward of the Borough of Dunmore;
that he has held this position continually for some 17
years; that 12 or more years ago he was transferred
from his position as an employe of the Erie Railroad
Company at the Dunmore shops to another job with
the same company in Susquehanna, Pa.; that he has
been continually employed in Susquehanna from that
time to the present; that his wife, children and he
live in Susquehanna during the week; that he himself
owns a property on Willow Street in the Borough of
Dunmore within the election district; that his mother
resides in that property and from time to time at
weekends he, when possible, returns to Willow Street
in Dunmore; that occasionally, but not habitually, his
wife and children accompany him; that as a matter
of intention he never intended to give up his formal
residence in Dunmore; that he has not paid any
wage tax in the Borough of Dunmore, although the
borough has an ordinance providing for the assessment
of a wage tax against residents of the borough; that
his Federal income tax returns are filed as from his
Dunmore address and that Federal income tax notices
are directed to the Dunmore address.

District election officers are constitutional officers
and are subject to removal only in the manner pro-
vided by the Constitution. This court has no juris-
diction in a summary proceeding to effect the removal
of an election officer. It has, however, the right to

declare that an individual may be disqualified as an election officer if he does not possess the qualifications required by the Constitution or the laws, and then declare the existence of a vacancy in the office. In re Carbondale District Election Board, 62 D. & C. 49.

To determine the residence for the purpose of qualifying one as an elector the mere assertion of intention to consider one address as against another the legal domicile of the elector, is not sufficient. See the Election Code of June 3, 1937, P. L. 1333, and particularly subdivision (d), 25 PS §2814(d).

It seems to be clear from the testimony that the real home of Aliano is in Susquehanna, for there is where his family have for 12 years maintained their principal dwelling place, with all the outer aspects of permanency. See Stabile Registration Case, 348 Pa. 587. In view of the clear provision of the Election Code and the decision in the Stabile Case, we have no option but to declare that respondent is ineligible as an elector in the first district of the second ward of the Borough of Dunmore and consequently is disqualified to hold office as a member of the election board thereof. Since he is disqualified to hold office, we must consider that a vacancy exists and on proper application in accordance with the provisions of the Election Code showing that a vacancy exists, this court will make an appointment to fill the vacancy.

Now, May 17, 1954, on consideration of the petition and the testimony in the above-captioned case, the court declares that Charles Aliano, being ineligible to be an elector in the said election district, is accordingly disqualified as a member of the election board of that district, and that a vacancy therefore exists in the office of minority inspector of election in the said district. Application for appointment to fill the vacancy to be made in accordance with the provisions of section 405 of the Election Code.